**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 16-cv-00569-GPG

SUZANNE ELAINE MCKINNEY,

    Plaintiff,

v.

UNITED STATES DEPARTMENT OF VETERANS' AFFAIRS,
VETERANS' BENEFITS ADMINISTRATION,
VERIZON, INC.,
MEMORIAL HOSPITAL,

    Defendants.

## ORDER OF DISMISSAL

    Plaintiff, Suzanne Elaine McKinney, is a resident of Denver Colorado. On March 8, 2016, she filed a Complaint (ECF No. 1) and an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) (ECF No. 3). On the same day, she also filed a "Motion to Have Civil Action Filing Fee Waived, e-Filing Requirements Waived, And Administrative Attorney Reinstatement Fees Waived or, in the Alternative, to Proceed *Pro Se*" (ECF No. 4), a "Motion for Leave to Restrict Public Access to, or in the Alternative Redact Portions of Court Documents and Exhibits" (ECF No. 5), and a Motion for Temporary Restraining Order (ECF No. 6).

    As part of the Court's review pursuant to D.C.COLO.LCivR 8.1(a), Magistrate Judge Gallagher determined that Ms. McKinney's Complaint was deficient. On March 11, 2016, Magistrate Judge Gallagher ordered Ms. McKinney to cure certain designated deficiencies within thirty days if she wished to pursue her claims in this action. (ECF

No. 7). Specifically, Ms. McKinney was ordered to submit her Complaint on the current Court-approved form as required by local court rules. In response, on April 11, 2016, Ms. McKinney filed "Plaintiff's Amended and Corrected Complaint." (ECF No. 10).

Although Plaintiff is a licensed attorney with the Colorado Supreme Court, she is not an active member of the bar for the United States District Court for the District of Colorado. Therefore, she is proceeding *pro se*. Because Ms. McKinney is a trained attorney, she is not entitled to have her *pro se* filings liberally construed. *See Mann v. Boatright*, 477 F.3d 1140, 1148 n.4 (10th Cir. 2007); *see also McNamara v. Brauchler*, 570 Fed. Appx. 741, 743 (10th Cir. 2014) (even a disbarred attorney is not entitled to have filings liberally construed because he was legally trained). Nonetheless, in an abundance of caution, because Ms. McKinney is not licensed to practice in this Court, the Court will construe her Amended and Corrected Complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See id.*

Ms. McKinney has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (ECF No. 11). Therefore, the Court must dismiss the action if the claims in the Amended and Corrected Complaint are frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i). A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). A claim is factually frivolous if it depicts "fantastic or delusional scenarios," *Neitzke v. Williams,* 490 U.S. 319, 328 (1989), or where "the facts alleged rise to the level of the irrational or

the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). For the following reasons, this action will be dismissed.

Ms. McKinney's Amended and Corrected Complaint is still deficient because it is not on the current Court-approved form. Ms. McKinney states in her Amended and Corrected Complaint that it was filed "in response to the Order dated March 11, 2016." However, she makes no reference at all to the fact that the March 11, 2016 Order directed her to use the current Court-approved complaint form. She also makes no allegation that she was unable to find the current Court-approved complaint form. The Court also notes that, at Magistrate Judge Gallagher's direction, the Clerk of Court sent Ms. McKinney a copy of the Court-approved complaint form and applicable instructions along with the March 11, 2016 Order. Aside from filing an Amended and Corrected Complaint, Plaintiff has not made any effort to comply with the Court's March 11, 2016 Order. Therefore, Ms. McKinney has failed to cure the designated deficiency as directed within the time allowed.

Local Civil Rules 1.2 and 5.1(c) for this Court require *pro se* litigants to use the Court-approved forms found on the Court' s website. The United States Court of Appeals for the Tenth Circuit repeatedly has upheld the requirement that *pro se* litigants comply with local court rules requiring use of proper Court-approved forms. *See Georgacarakos v. Watts*, 368 F. App'x 917, 918-19 (10th Cir. 2010) (district court did not abuse its discretion in dismissing civil rights action without prejudice for federal prisoner's noncompliance with local rules requiring use of proper court-approved form to file complaint and district court's order to comply). Plaintiff has failed – after a specific order directing her to do so – to file her complaint on the Court-approved form.

Therefore, this action will be dismissed for failure to comply with a Court order and the local rules of this Court.

Additionally, and in the alternative, the Court also concludes that the action should be dismissed because the claims alleged in Ms. McKinney's Amended and Corrected Complaint are factually frivolous.  In the Amended and Corrected Complaint, Ms. McKinney alleges that she is a former employee of the Veterans Benefits Administration (VBA).   She alleges that she uncovered fraud at the VBA and was immediately subjected to a hostile work environment after she reported it.  As a result, she was forced to resign.  Her complaint, however, is not an employment action, but instead based on the alleged tortious conduct of the Defendants, which include her former employer, most of which took place after her resignation. (ECF No. 10 at 4). According to Ms. McKinney, after she resigned, the VBA and her cell phone provider, Verizon, conspired together to physically harm her.  For example, she alleges the following:

> Plaintiff has a palpable and visible electronic implant behind the bridge of her nose.  This is similar to an atrial defribrillator or nerve stimulator, may have originally been designed for use on animals, and is operated remotely via cell phone application ("app"), which V.B.A. and Verizon employees distributed to the general public.  Activation is extremely painful and disrupts sleep.  Discovery is needed to ascertain the identity of individual V.B.A. employees with this app and who have distributed the app to members of the public.
>
> . . .
>
> [The App is] use[d] to punish Plaintiff for speaking or writing about the fraud and forgery at V.B.A. Individuals send shocks to Plaintiff's system 50-60 times per day.

And

> Plaintiff suffered a through-and-through gunshot wound to her skull.  The entry and exit wounds are palpable and visible without x-ray.  Discovery is needed to ascertain the identity of the individual V.B.A. tortfeasor responsible.

(ECF No. 10 at 5 and 10).

She also believes numerous VBA employees are stalking her, tracking her by G.P.S., and encouraging her family to stalk her.  She provides numerous examples of such stalking; two examples follow:

> On or about December 18, 2015, and on several other occasions, a short woman with dark hair driving a gold Toyota sedan parked near Plaintiff's vehicle and used a computer in her car.  Plaintiff's cell phone heated up and the punishment app activated when the woman was doing so.  The woman was the same height and weight and build as V.B.A. employee Reesa Stroker and/or V.B.A. Employee Nancy Goodwin.

And

> On December 5, 2015, V.B.A. employees Audrey Dorry and Eleni Slaughter approached Plaintiff's car parked on Marion Parkway.  Audrey Dorry passed first on the arm of an exceeding [sic] tall man of slender build ("Ray") Plaintiff has seen several times when eating dinner at McCoy's Restaurant at I-70 and Federal.  About three to five minutes later, Eleni Slaughter passed on the arm of the same individual.

(ECF No. 10 at 14 & 16).

She also claims that VBA is encouraging police officers to try and portray her as a stalker:

> On or about February 28, 2016, a police officer doing a routine check of vehicles around Platt Park in Denver advised Plaintiff to go to Lakewood for shelter at "The Dolores Protect" in Lakewood.  Plaintiff believes discovery will reveal this police officer was prompted by V.B.A. stalkers residing in Lakewood who wanted to make Plaintiff appear to

5

> be a disgruntled employee and herself a stalker, a
> designation Plaintiff makes all possible efforts to avoid.  On
> numerous occasions, V.B.A. employees residing elsewhere
> have either parked in front of or behind Plaintiff in an effort to
> make it appear Plaintiff is at fault for stalking them.

(*Id.* at 17).

Finally, she alleges that she was shot in the head by an unknown V.B.A. employee and has palpable and visible evidence of a gunshot wound to her skull. However, when she went to Defendant Memorial Hospital to be treated, she claims that VBA employees encouraged the hospital employees to act like nothing was wrong with her.  According to Plaintiff, the hospital personnel reviewed and then provided her with an x-ray of a skull that was clearly not hers.  Hospital personnel told her the x-rays were "normal."  (*Id.* at 9)

Additional miscellaneous allegations include:

> Since her resignation, Plaintiff's phone spontaneously
> forwards to another number and computer files were 'fed'
> through Plaintiff's MAC laptop, which turned on and off
> spontaneously before Plaintiff was forced to disable it
> entirely to prevent criminal activity, slander, and libel being
> attributed to her.

(*Id.* at 13).

> Plaintiff has had Bourbon poured on her car, has had people
> hit her car with objects, and subjected [sic] to verbal
> harassment.  Police radar guns have been aimed at her
> head, aggravating and heating up any bullet fragment
> residuals from her through-and-through gunshot wound.

(*Id.* at 14).

The Court finds that Plaintiff's claims rest on "fantastic or delusional scenarios" whose factual contentions "rise to the level of the irrational or the wholly incredible." *See Neitzke*, 490 U.S. at 327-28; *Denton,* 504 U.S. at 33.  Thus, the claims are

baseless and Ms. McKinney is not entitled to relief in this action. Therefore, the Complaint and the action are also subject to dismissal as frivolous under § 1915(e)(2)(B).

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Plaintiff files a notice of appeal she also must pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the Complaint and the action are dismissed with prejudice as frivolous under § 1915(e)(2)(B). In the alternative, this action is dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure because Ms. McKinney failed to comply with a Court order and the local rules of this Court. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit. It is

FURTHER ORDERED that all pending motions are denied as moot.

DATED at Denver, Colorado, this  22nd  day of    April       , 2016.

BY THE COURT:

   s/Lewis T. Babcock                      
LEWIS T. BABCOCK, Senior Judge
United States District Court